UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LUZLANDA CUELLO DOMINGUEZ,

                                **ORDER**
            Plaintiff,        10-cv-05814 (ADS) (ARL)

-vs.-

LEATHER GOODS, PLASTICS, HANDBAGS
AND NOVELTY WORKERS' UNION, LOCAL 1,
JOINT RETIREMENT FUND,

and the

BOARD OF TRUSTEES OF LEATHER GOODS,
PLASTICS, HANDBAGS AND NOVELTY
WORKERS' UNION, LOCAL 1, JOINT
RETIREMENT FUND,

and

JOSEFA DOMINGUEZ,

                              Defendants.
----------------------------------------------------------------X

**APPEARANCES:**
**South Brooklyn Legal Services**
*Attorney for the plaintiff*
105 Court Street
3rd Floor
Brooklyn, NY 11201
      By:    Christopher William Dagg, Esq.

**NO APPEARANCE:**
Leather Goods, Plastics, Handbags and Novelty Workers' Union, Local 1, Joint Retirement Fund
Board of Trustees of Leather Goods, Plastics, Handbags and Novelty Worker's Union, Local 1, Joint Retirement Fund
Josefa Dominguez

**SPATT, District Judge.**

       The Plaintiff Luzlanda Cuello Dominguez commenced this action on or about December 15, 2010, and filed an amended complaint on March 14, 2011, asserting claims against the Defendant Leather Goods, Plastics, Handbags and Novelty Workers' Union, Local 1, Joint Retirement Fund (the "Joint Retirement Fund"), the Defendant Board of Trustees of Leather Goods, Plastics, Handbags and

Novelty Workers' Union, Local 1, Joint Retirement Fund (the "Board of Trustees"), and Defendant Josefa Dominguez, pursuant to the Employee Retirement Income Security Act of 1974, as amended by the Retirement Equity Act of 1984, seeking the payment of retirement benefits as the surviving spouse of the deceased vested participant. The Clerk of Court noted the default of the Defendant Josefa Dominguez on August 15, 2011, and noted the defaults of the Joint Retirement Fund and the Board of Trustees on September 21, 2011.

On August 15, 2011, the Plaintiff moved for an entry of default judgment, requesting: (1) a declaration that she is entitled to survivor benefits; (2) that the Court order that the Joint Retirement Fund and Board of Trustees shall commence payment of survivor benefits and pay all wrongfully denied survivor benefits payable since the death of her husband on July 14, 2009; and (3) a declaration that she is entitled to survivor benefits for the rest of natural life.

However, even if this Court could determine, as a result of the Defendants' default, that the Plaintiff is entitled to survivor benefits and thus, a declaratory judgment is appropriate, the Plaintiff has failed to provide the Court with an affidavit or memorandum of law in support of the default judgment so that the Court can ascertain the actual monetary amount of survivor benefits claimed by the Plaintiff.

In addition, the Plaintiff has failed to comply with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which state that a party seeking a judgment by default shall apply to Court as described in Federal Rule of Civil Procedure 55(b)(2), <u>and</u> shall append to the application the Clerk's certificate of default. <u>See</u> Local Rule 55.2(b). The Plaintiff in this case moved for a default judgment prior to the Clerk certifying the default of any of the Defendants, and therefore did not append to her application the requisite Clerk's certificates of default.

Accordingly, the Plaintiff's motion for default judgment is denied, without prejudice, with leave to refile the motion in accordance with the Local Rules and to provide the Court with sufficient information to evaluate the Plaintiff's claim for survivor benefits.

**SO ORDERED.**

Dated: Central Islip, New York
January 26, 2012

                                                 _/s/ Arthur D. Spatt_
                                                  ARTHUR D. SPATT
                                             United States District Judge